United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE ALBERTO CISNEROS-PANAMENO,<br>Defendant. | Case No. 25-cr-00359-JD-1<br><br>**PRETRIAL ORDER** |

As discussed at the pretrial conference on August 21, 2026, this order governs the jury trial beginning on August 31, 2026.

I. **UNITED STATES' MOTIONS IN LIMINE (DKT. NO. 72)**

1. **MIL No. 1: GRANTED IN PRINCIPLE**. Defendant may not offer evidence or argument on the issues decided in the motion to dismiss and the motion to suppress.
2. **MIL No. 2: GRANTED IN PRINCIPLE.** Defendant may not attempt to elicit jury sympathy or nullification, or refer to punishment.
3. **MIL No. 3: GRANTED IN PRINCIPLE.** The government may offer for admission evidence of defendant's prior removals that is not cumulative and has a proper foundation.
4. **MIL No. 4: DEFERRED TO TRIAL.** The Court will take up impeachment evidence based on defendant's prior conviction as warranted.
5. **MIL No. 5: GRANTED.** All witnesses are excluded from hearing testimony until discharged from the witness stand, other than the one individual designated by each side during the pretrial conference. FRE 615(a).

United States District Court
Northern District of California

6. **MIL No. 6: DEFERRED TO TRIAL.** The Court will take up the documents from defendant's A-file on a case-by-case basis during trial.

7. **MIL No. 7: DEFERRED TO TRIAL.** The Court will consider evidence of defendant's conviction in the Western District of Texas during trial.

8. **MIL No. 8: GRANTED IN PRINCIPLE.** Defendant may not present a necessity or duress defense unless he first makes a prima facie showing.

9. **MIL No. 9: GRANTED.** Defendant may not use his driver's license or social security number as evidence of mistake about his legal status.

## II. CISNEROS-PANAMENO'S MOTIONS IN LIMINE (DKT. NO. 75)

1. **MIL No. 1: GRANTED.** *See* government's MIL # 5.

2. **MIL No. 2: GRANTED.**

3. **MIL No. 3: DEFERRED TO TRIAL.**

4. **MIL No. 4: GRANTED IN PART.** The government may not use inflammatory language or terms about immigrants or immigration policy. **DENIED** with respect to the term "alien," which may be used.

5. **MIL No. 5: GRANTED IN PRINCIPLE.** The government may not proffer defendant's 2005 conviction unless a door is opened to it by defendant.

6. **MIL No. 6: GRANTED IN PRINCIPLE.** The government may not proffer defendant's prior Section 1326 conviction unless each document has a proper foundation.

7. **MIL No. 7: DENIED.**

8. **MIL No. 8: GRANTED IN PRINCIPLE.** The government may not present undisclosed expert witnesses.

9. **MIL No. 9: DENIED.** The FRE 702 objection is overruled for the reasons stated on the record. The government's fingerprint expert used valid and reliable methods, subject to cross-examination during trial.

10. **MIL No. 10: DENIED.** The government may present a witness to state that he searched relevant government databases for evidence of Cisneros-Panameno applying

for admission to the United States, and to testify to the outcome of his search.

11. **MIL No. 11: GRANTED IN PRINCIPLE.** The government may not proffer evidence from Cisneros-Panameno's A-file without a proper foundation.

12. **MIL No. 12: GRANTED IN PRINCIPLE.** The government may not elicit improper hearsay testimony from law enforcement witnesses.

III. **SCHEDULE**

1. Trial will begin on Monday, August 31, 2026, and will be held on Monday, Tuesday, and Wednesday of that week.
2. Trial will be held Monday and Wednesday from 9:00 a.m. to approximately 3:00 p.m., with two 15-minute breaks. On Tuesday, trial will be held from 12:00 p.m. to approximately 3:00 p.m., with one 15-minute break.

IV. **VOIR DIRE AND JURY SELECTION**

1. The Court will seat 13 jurors for the trial, including 1 alternate. The identity of the alternate will not be disclosed to the jury.
2. The Court will conduct the voir dire based on the questions proposed by the parties and the Court's own questions and practices.
3. The Court will use the "strike and replace" method for jury selection. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged.
4. Jury selection is likely to be completed on the first day of trial. The parties must be prepared to open and begin presenting witnesses on August 31, 2026.

V. **JURY MATERIALS AND OTHER TRIAL PROCEDURES**

1. **Jury notebooks**. Jurors will be permitted to take notes. The parties have agreed to prepare jury notebooks and bring 14 copies on the first day of trial. The notebooks should be in the form of 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and should include these materials:

   a. 50 pages of blank, college-lined paper.

   b. Tabs for the preliminary and final jury instructions, which the Court will distribute.

2. **Sidebars**. There will be no attorney-initiated sidebars during trial.
3. **Motions**. No motions may be filed during trial without prior leave of the Court.
4. **Objections**. Counsel must stand to state any objections, and should do so by simply stating the rule that forms the basis of the objection. No arguments or elaborations should be made unless called for by the Court.
5. **Witness Call**. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.
6. **Witness Disclosure**. In light of the very short duration of the trial, each party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- prior to the first day of trial. Any party that has an objection must alert the Court as soon as possible, and the Court will take up the objection outside the presence of the jury.
7. **Witnesses Excluded from Courtroom**. Pursuant to FRE 615, all witnesses are ordered excluded from the courtroom so that they cannot hear other witnesses' testimony. This exclusion order does not apply to party representatives. FRE 615(b).
8. **Presentation of Witnesses**. Witnesses should be put on the witness stand only once. For example, if the government calls a witness whom the defense also intends to call, then the defense's direct examination of the witness will follow the government's examination of the witness.
9. **Exhibits and Witness Binders**. Exhibits should be prepared on a witness-by-witness basis. The parties are directed to prepare witness binders that include those exhibits that will be offered into evidence during that witness's testimony. Two copies of each witness binder should be handed to Ms. Clark at the start of each witness's testimony. No other copies of trial exhibits need be prepared or submitted to the Court.
10. **Evidence at trial**. The parties may offer evidence via an Elmo projector or in the form of large poster boards, but the Court advises the parties that all admitted trial exhibits will be made available to the jury in electronic format for their deliberations.

United States District Court
Northern District of California

11. **Opening demonstratives**. If the parties wish to use demonstratives during their opening statements, they are directed to disclose them to the other side prior to trial. Any objections will be taken up outside the presence of the jury.

VI. **OTHER**

1. **Jury Questionnaires Conference**. A remote conference will be held on August 27, 2026, at 1:30 p.m. to discuss those potential jurors who should be excused based on their responses to the District's standard jury questionnaire. The Zoom information for the conference and the completed questionnaires will be circulated to counsel by email in advance of the conference.
2. **Technology**. The parties are advised to work out a time with Ms. Clark to set up and test their technology for trial in advance of the first day of trial.

**IT IS SO ORDERED.**

Dated: August 24, 2026

JAMES DONATO
United States District Judge