United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

JOSE ALBERTO CISNEROS-PANAMENO,
Defendant.

Case No. 25-cr-00359-JD-1

**ORDER RE DETENTION**

On September 2, 2026, a jury convicted defendant Jose Alberto Cisneros-Panameno of one count of illegal reentry of a previously removed alien, 8 U.S.C. § 1326(a). Dkt. No. 122. Pursuant to 18 U.S.C. § 3143(a)(1), Cisneros-Panameno was detained in custody pending sentencing, and was granted a voluntary surrender date of September 4, 2026. Dkt. No. 125. Cisneros-Panameno was expressly permitted to brief the issue of whether he should remain in custody pending sentencing. *See* Dkt. No. 134 at 518:5. Sentencing is currently set for January 4, 2027, although the Court has invited the parties to propose an earlier date. Dkt. No. 142.

Cisneros-Panameno filed an "emergency motion" in the Ninth Circuit to stay the voluntary surrender and vacate the detention order. Dkt. No. 124. The circuit denied both requests subject to further proceedings as warranted with respect to the disposition of a pre-sentence release motion in this Court. Dkt. No. 129.

Cisneros-Panameno has filed a request for release pending sentencing. Dkt. No. 127. The motion is denied.

To start, Cisneros-Panameno was not convicted of the kind of crime that would subject him to "mandatory remand" pursuant to 18 United States Code Section 3143(a)(2) or (b)(2). *See United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003) (provisions of "Mandatory Detention

Act of 1990" are reflected in 18 U.S.C. §§ 3143(b)(2) and (a)(2), and apply to "violent offenders, as well as those convicted of drug offenses with a maximum sentence of at least ten years in prison and those convicted of any offense with a maximum sentence of life imprisonment or death").

Even so, Cisneros-Panameno is still presumptively subject to detention pursuant to 18 United States Code Section 3143(a)(1). That section provides that the Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1); *see also Betterman v. Montana*, 578 U.S. 437, 447 n.9 (2016) (defendants are "often incarcerated" between conviction and sentencing, and pursuant to 18 U.S.C. § 3143(a), "bail [is] presumptively unavailable for convicted [defendants] awaiting sentence."). Pursuant to Rule 46(c) of the Federal Rules of Criminal Procedure, "[t]he provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal," and "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."

Cisneros-Panameno did not meet that burden. His motion for release, Dkt. No. 127, was paper-thin at three pages of argument and did not attach any evidentiary submissions. His primary attempt to meet his "clear and convincing" burden was to point to the Pretrial Services memo dated September 1, 2026 (prior to the jury verdict), that stated that his "overall adjustment to pretrial supervision has been satisfactory." Dkt. No. 118 at 2. Cisneros-Panameno proffers that Pretrial Services "agrees that he has met his burden to show, by clear and convincing evidence, that he can remain on bond pending sentencing in this matter, pursuant to 18 U.S.C. § 3143(a)(1)." Dkt. No. 127 at 3 (citing Dkt. No. 118). But that is a massive stretch from what Pretrial Services actually said. The memo stated, "mandatory detention does not appear to be applicable pursuant to 18 U.S.C. § 3143. Therefore, it is recommended that Cisneros-Panameno be continued on bond under the same terms and conditions previously imposed." Dkt. No. 118 at 2. This merely appears to reference the fact that Cisneros-Panameno is not subject to mandatory remand pursuant to 18 U.S.C. § 3143(a)(2) or (b)(2), as the Court has already observed above. The memo says

nothing at all about whether Cisneros-Panameno has met his burden to establish by "clear and convincing evidence" that he is neither a flight risk nor a danger to the community, which is a determination for the "judicial officer" to make, in any event.

Cisneros-Panameno's other cursory points did not add up to the "clear and convincing evidence" he needed to show. His criminal history may be "dated," Dkt. No. 127 at 2-3, but they are of a troubling and potentially dangerous nature to those in the community, including a 2005 conviction for committing lewd and lascivious acts with a 14- or 15-year old, *i.e.*, his niece, in violation of Cal. Penal Code § 288(c)(1). Dkt. No. 48-15. He states that he "has been up to date with his [sex offender] registration requirements" during the short time he has been on supervision, Dkt. No. 127 at 3, but fails to mention that he ignored his registration requirements for 15 years: from 2010 to 2023 with the Fort Bragg Police Department, and from 2023 to 2025 with the Mendocino County Sheriff. Dkt. No. 53-1. His long failure to properly register as a sex offender only increases the danger he poses to the community members around him.

Moreover, while he cites his "support system" and his ties to his family in Fort Bragg, Dkt. No. 127, these very ties may well provide him with the incentive to flee. While on pretrial release, Cisneros-Panameno had every incentive to comply with the conditions of his release, which allowed him to continue residing near his family. The calculus is surely different now that he has been convicted. When he was convicted of the very same crime in 2011, he was given a prison sentence of 65 months, so Cisneros-Panameno knows better than anyone that he is facing another potentially long sentence. He has previously shown that he is willing to ignore the law if that means he can reside near his family. Cisneros-Panameno was previously deported from the United States three times, in 1998, 2009, and 2015, and each time, he has reentered unlawfully. The presence of his "ex-wife, with whom he remains close, his sister, and his three United States citizen children and two United States citizen grandchildren who all . . . live in Fort Bragg," Dkt. No. 127 at 3, undoubtedly had something to do with his motives for illegally reentering the country multiple times. For a person who (1) strongly wishes to reside near family, (2) is facing a potentially long prison sentence to be followed by deportation, and (3) has shown on multiple

occasions a willingness to disobey the law, the option of going on the lam may well present itself as the more realistic way of staying in the lives of his family members in the near term.

Cisneros-Panameno has failed to meet his burden to show by clear and convincing evidence that he does not pose a risk of flight or a risk of danger to the community. His request for release pending sentencing, Dkt. No. 127, is consequently denied.

**IT IS SO ORDERED.**

Dated: October 6, 2026

JAMES DONATO
United States District Judge